IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONALD BATTS                                                              PETITIONER
Reg. #42462-074

V.                                      2:15-cv-00185-JLH-JTK

C V RIVERA, *Warden*,                                                    RESPONDENT
Forrest City Medium

## PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

DISPOSITION

Mr. Ronald Batts filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Although he is attacking the validity of his sentence, he contends that he can bring this action under § 2241 because *McQuiggin v. Perkins*, 133 S.Ct 1924 (2013), held that actual innocence claims may excuse a procedural bar to filing a § 2255 petition. (Doc. No. 1 at 2.)

Generally, a petition attacking a federal conviction must be brought under 28 U.S.C. § 2255. *United States v. Hayman*, 342 U.S. 205, 217 (1952). "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 only if 'it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'"

*United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000) (quoting 28 U.S.C. § 2255).

The rule determining which statute a prisoner may challenge his conviction under is not

a procedural bar that *McQuiggin* excuses, but instead determines which court has

jurisdiction to hear the claim. *McQuiggin* does not overturn § 2255, and therefore Mr.

Batts may not bring this petition under § 2241.

Only the sentencing court has jurisdiction to hear a § 2255 petition. 28 U.S.C. §

2255(a). Therefore, the only court that has venue to hear this petition is the Honorable

Harry Mattice, Jr., in the United States District Court for the Eastern District of

Tennessee. The district court may transfer this action to the Judge Mattice if it is

convenient for the parties and in the interest of justice. 28 U.S.C. § 1404(a).

In this case, Judge Mattice already denied one of Mr. Batts's § 2255 motions.

*United States v. Batts*, No. 1:09-cr-00098-HSM-8, ECF No. 703 (E. D. Tenn., Aug. 8,

2014). Therefore, Judge Mattice would not have jurisdiction to hear this motion without

prior authorization from the United States Court of Appeals for the Sixth Circuit. 28

U.S.C. § 2255(h). Since Judge Mattice would not have jurisdiction to hear this motion,

it would be inconvenient to Mr. Batts and against the interest of justice to transfer the

case to him. Instead, the district court should dismiss this case without prejudice so that

Mr. Batts may petition the Sixth Circuit for authorization to file a successive § 2255

motion.

IT IS SO ORDERED this 16th day of December, 2015.

_____
United States Magistrate Judge